39 561
74 225

S. BOGARTH ET AL. v. C. R. BREEDLOVE ET AL.

The addition of the word "gold" to a promissory note payable in dollars, by the principal and before its delivery, without consent of his sureties, is as to them a material alteration, and no action thereon can be maintained against the sureties.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

In November, 1869, Dunlap, Bogarth, Williams and Lawrence prepared a note, blank as to date and payee, for three hundred dollars. This was done to enable Dunlap to raise money, and it was expected that the money would be obtained of one Hershberg. For some reason Dunlap went to Breedlove, a banker, with the note, first, however, having obtained the guaranty of Stuart & Mair that the makers of the note were solvent.

On thirteenth of November, the blank note and guaranty were by Dunlap presented at Breedlove's for negotiation. Breedlove refused to advance money upon it unless it should be made payable in coin. At Dunlap's request, Thacker, clerk of Breedlove, altered the note so

as to be payable in gold. This being done upon the guaranty that the names were good, Breedlove took the note and paid the money therefor, and filled up the blank with his own name as payee.

The note was not paid. Dunlap failed and left the country. Suit was brought against Bogarth, Williams and Lawrence. Bogarth seems at first to have thought himself obliged to pay his note, but upon taking legal advice he learned otherwise, so as to plead *non est factum* under oath.

Suit was brought January 7, 1871, and in August Stuart & Mair paid Breedlove and took an assignment of the note. In October thereafter they intervened, alleging the facts.

Bogarth *et al.* resisted payment, claiming that they were only Dunlap's sureties, and that they had never authorized the alteration in the note so as to make it payable in gold.

There is no conflict in the testimony as to Dunlap having had the alteration made before the note was delivered to Breedlove.

*Giddings & Morris* and *Walton & Green*, for appellants, cited 6 Wallace, 80, Wood v. Steel; 13 Texas, 505, Miller v. Alexander; 1 Greenleaf, 700, 701; 6 Texas, 97, Holliman v. Rogers; 7 Wend., 198, Garlock v. Geortner; 23 Texas, 473, Park v. Glover; 25 Texas, 715, Johnson v. Mills; 3 Texas, 309, Hall & Jones v. Jackson; Story on Prom. Notes, Sec. 37; 17 Wend.. 242; 6 Texas, 170, Jones v. Primm; Parsons on Con., Vol. 1, 44.

*Terrell & Walker*, for appellees, cited 3 Kent, 77; Story on Prom. Notes, Secs. 37, 37a, 48, 134; 1 Parsons on Con., 44; 6 Texas, 170, Jones v. Primm.

Ogden, P. J.—The judgment in this case is erroneous, and should have been set aside by the court below upon the motion for a new trial. The defendants pleaded *non est factum* to the note sued on, and upon the production of the same in court, it showed upon its face that it had been altered in a material respect, showing most clearly that it was not the note executed by the defendants. We think the court erred in permitting any explanation of the apparent alterations in the note by witnesses, there having been no foundation laid in the pleadings for such testimony. And we are clearly of the opinion that the court erred in permitting the introduction of the note as evidence to the jury after the explanation. The explanation proved that without the knowledge or consent of the defendants, who were then before the court, the note, after it had been signed by them, had been altered or changed so as to read $300 gold, the word "*gold*" having been interlined. This was a material alteration. Its identity and legal effect had been destroyed, and it was no longer the agreement the defendants promised to perform, and could not legally be used in evidence against them. (Miller v. Alexander, 13 Texas, 505; Park v. Glover, 23 Texas, 473.) We are at a loss to understand how the jury could, under the charge given by the court, bring in a verdict for the plaintiff, and we are more at a loss to understand why the court did not, on a motion for that purpose, set aside a verdict founded in total disregard of the charges given. The judgment must be reversed; and as the note has lost all its validity or binding force by the unauthorized and illegal alteration, the cause will be dismissed. Dunlap may be held responsible to Stuart & Mair, but not the appellants.

The judgment is reversed and the cause dismissed.

Reversed and dismissed.