

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GERALD C. MANN
XXXIIXXXXXXIOSIOXXXX
ATTORNEY GENERAL

Honorable Otto Studer, Chairman
Industrial Accident Board
Land Office Building
Austin, Texas

Dear Sir:

Opinion No. O-1421
Re: Whether a Deputy Game Warden of the
United States holds a Federal position
of honor or trust.

We have for acknowledgment your letter of October 19, 1939, wherein you request the opinion of this department upon the question whether a State officer who holds an appointment as a Deputy Game Warden of the United State, without pay, and who received his appointment prior to the time that he took office as a state official,, would come under the payroll affidavit now required by the Comptroller, which reads as follows:

". . . and that none of the employees on this payroll are receiving salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed by the State Constitution, ..."

The foundation for the affidavit required by the Comptroller is Article 16, Section 33, of our Costitution, which reads as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the organized reserves of the Unites States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy, and Marine Corps." (Section 33, Article 16, adopted election November 8, 1932.)

"An analysis of the above quoted Section of the Constitution
results in the following:  That the accounting officers of
this State are prohibited from drawing or paying a warrant
upon the Treasury in favor of any person for (a) salary, (b)
compensation; as (1) agent, (2) officer, (3) appointee,  if
such person at the same time holds any  other (1) office,
(2) position of honor, (3) position of trust, or (4) position
of profit, under this State or the United States." (See opinion
by Hon. C. M. Cureton, First Assistant Attorney General,
and Hon. C. W. Taylor, Assistant Attorney General, Reports
and Opinions of the Attorney General, 1912-1914, p. 873, at
p. 880.)

Deputy sheriffs are held to be public officers. 34 Texas Jurisprudence
601; State vs. Brooks, 42 Tex. 62; Brown vs. Harris, 13 Tex. 507, 512;
Feller vs. Alexander, 13 Tex. 497, 506; Murray vs. State (Cr. App.), 67
S. W. (2d) 274.  By anelogy, it would  seem clear that a Deputy Game
Warden of the United States is an officer of the United States, within
the meaning of Article 16, Section 33, quoted above.

Whether a Deputy Game Warden of the United States is teachnically an
officer, however, it, in our opinion, cannot be disputed that a Deputy
Game Warden of the United States holds a position of honor and trust
under the United States, though no salary or compensation be attached
to the position.

In answer to your question, therefore,you are advised that a State officer
who holds an appointment as a Deputy Game  Warden of the United States
without pay, at the same time that he holds his office under this State,
is within the purview of the payroll affidavit required by the Comptroller.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ R. W. Fairchild


By
R. W. Fairchild
Assistant

RWF:pbp/ cc:ldw

APPROVED Oct. 25, 1939
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN