### CULLEN CREWS v. RAMON CORTEZ.

Decided December 16, 1908.

**1.—Evidence—Information Explaining Motive.**

The evidence being in conflict on the issue whether plaintiff, a tenant, was wrongfully dispossessed of his leased premises by defendant, his landlord, or left voluntarily because he had contracted debts to the latter equaling his prospective interest in the crop, plaintiff, who had testified that he did not know the amount of such indebtedness when he left the premises, should have been required to answer, on cross-examination, whether the defendant had not previously told him that he would not have anything left out of the crop at the end of the year.

**2.—Evidence—Landlord and Tenant—Dispossession—Damages.**

Damages being claimed by a dispossessed tenant by reason of loss of employment for the members of his family during the season they would have worked on the leased premises if undisturbed, it was permissible for the defendant to inquire into the earnings after leaving the premises of a son who had worked thereon as one of the family.

Appeal from the District Court of Caldwell County. Tried below before Hon. L. W. Moore.

For opinion of the Supreme Court on questions certified in this case see Crews v. Cortez, 102 Texas, 111.

*A. B. Storey,* for appellants.

*McNeal & Ellis,* for appellee.

FISHER, CHIEF JUSTICE.—The nature of this suit and the result of the trial below are fully stated in the certificate prepared by this court in certifying certain questions to the Supreme Court. Therefore, it is unnecessary that they should be repeated here; and for the questions relating to the charge reference is made to the opinion of the Supreme Court, which fully sets out our certificate, and which disposes of those assignments that relate to the charge of the court below. The opinion of the Supreme Court (Crews v. Cortez, 102

Texas, 111), speaks for itself, and it is not necessary that we should express any additional opinion upon the subject there discussed.

Before certifying to the Supreme Court the question propounded in the certificate, we had agreed to reverse on account of the action of the trial court in refusing to permit the plaintiff, Ramon Cortez, to testify to the facts set out in appellant's sixth assignment of error. It was one of the contested issues in the court below whether the defendant Crews, through the conduct of his agent, forcibly dispossessed the plaintiff of the premises and by violence caused him and his family to leave, or whether the plaintiff Cortez voluntarily left or abandoned the premises on account of the fact that after the debts which he had incurred, and which were charges against his share of the crop to be produced, were paid, there would be nothing left for him. The testimony shows that he either voluntarily or involuntarily abandoned the premises in June. It was the contention of the appellant that Cortez voluntarily abandoned the premises, and that he knew that his indebtedness was about equal to his share of the crop. The testimony of Cortez tends to show that he did not know the amount of his indebtedness, and in fact he so testified, and when so testifying the defendant, in cross-examining him, asked him the question if, prior to leaving the place, Mr. Crews did not tell him that he had taken up too much in the store, that he would not have anything left at the end of the year out of the crop, to which question the plaintiff by his attorney objected as immaterial, which objection was sustained by the court and bill of exception reserved to the ruling.

It takes no argument to demonstrate the fact that if Cortez knew that his indebtedness would about equal his share of the crop, it might be considered by the jury as having some bearing on his purpose or intention in leaving. There was a denial by the defendant of some of the important facts relied upon by the plaintiff to show that he was driven away from the premises. This excluded evidence might have some effect in leading a jury to believe that as the plaintiff could expect nothing after June, there was nothing to be gained by him in remaining and cultivating the crop, and therefore this was the reason why he left.

It is a difficult matter to understand the point raised in the eleventh assignment without a more full statement upon which it is based; but in view of another trial we will notice what we understand to be the question there presented. There is some evidence tending to show that Aratuda Cortez was a member of the plaintiff's family and was engaged with the plaintiff, with his other children, in producing the crop. The plaintiff contended, if we understand the question properly, that the net profits of the labors of himself and family after he was dispossessed, was $25 a month, and it seems that he was willing to allow that as a credit on the amount he might recover. If Aratuda Cortez, who is shown to be the plaintiff's son, was giving his services in behalf of his father in making the crop, and Aratuda Cortez was one of the members of the family whose services produced a part of the $25 a month, and was included in the $25 estimate of profit that the plaintiff was willing to allow,

then we are of the opinion that the defendant could go into the facts and ascertain whether or not Aratuda Cortez earned more than he or his father accounted for; or, in other words, more than they were willing to admit as a credit upon the plaintiff's recovery. Whatever might be the value of the services of the plaintiff and of his children over whom he had control in producing the crop, by being thrown out of employment by the conduct of the defendant, he could not recover for, provided he was fully compensated by like or other service at some other place.

Those assignments relating to the charge are disposed of, as before said, by the opinion of the Supreme Court.

We have discussed and considered all of the remaining assignments, and, except those pointed out, they present no reversible error. This expression is not intended to dispose of the assignments that relate to the charge, for they will be governed by what is said in the opinion of the Supreme Court.

*Reversed and remanded.*