ST. LOUIS, S. F. & T. RY. CO. v. JENKINS.†

(Court of Civil Appeals of Texas. Dallas. April 22, 1911. Rehearing Denied May 13, 1911.)

1. MASTER AND SERVANT (§ 189*)—INJURIES TO SERVANT—FELLOW SERVANTS—STATUTORY PROVISIONS.

Under Rev. St. 1895, art. 4560g, and Acts 1909 (1st Ex. Sess.) c. 10, relating to the liability of railroads for injuries to employés, a boiler maker and his helper, the former having authority to direct and superintend the latter in the work they were doing, though he did not have power to hire and discharge, were not fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 427–435; Dec. Dig. § 189.*]

2. CONSTITUTIONAL LAW (§ 245*) — EQUAL PROTECTION OF LAWS.

Rev. St. 1895, art. 4560g, and Acts 1909 (1st Ex. Sess.) c. 10, relating to the liability of railroad companies for injuries to employés, and abrogating the common-law rule that the employé's negligence would not be imputed to the master unless the power to hire and discharge was conferred on him, are not violative of the equal protection clause of the fourteenth amendment to U. S. Const.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 702; Dec. Dig. § 245.*]

3. MASTER AND SERVANT (§ 180*)—INJURIES TO SERVANT—RAILROADS—EMPLOYER'S LIABILITY STATUTES—REPEAL.

Rev. St. 1895, art. 4560g, making any person engaged in the service of a railway corporation operating a railroad situated, etc., in this state, and who is authorized by such corporation to control or direct any other employé in the performance of his duty, a vice principal of such corporation, was not repealed by implication by Acts 1909 (1st Ex. Sess.) c. 10, referred to as the "Texas Employer's Liability Act."

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 359–368; Dec. Dig. § 180.*]

4. STATUTES (§ 159*) — REPEAL BY IMPLICATION.

To repeal a statute by implication, there must be a repugnancy between the provisions of the new law and the old, and the new must be contrary to the prior law; it not sufficing that the later law is different.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 229, 231; Dec. Dig. § 159.*]

5. MASTER AND SERVANT (§ 279*)—INJURIES TO SERVANT—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In a servant's action against a railroad company for injuries while repairing boilers, evidence held to show that defendants' vice

principal was guilty of negligence proximately causing the injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 973-980; Dec. Dig. § 279.*]

6. APPEAL AND ERROR (§ 216*)—NECESSITY OF OBJECTIONS—INSTRUCTIONS.

A party failing to request a special charge correcting an error of omission in the charge given may not complain on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 630-641.]

7. DAMAGES (§ 26*) — PERSONAL INJURIES — EVIDENCE.

It is not essential to an injured party's right to recover for future consequences of his injuries that he show that it is "reasonably certain" that he will suffer the future results claimed; it sufficing to show a reasonable probability of the occurrence of future ill effects of the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 69, 236; Dec. Dig. § 26.*]

8. DAMAGES (§ 132*)—PERSONAL INJURIES— EXCESSIVE DAMAGES.

Where the sight of plaintiff's right eye was entirely destroyed, and the evidence indicated that the sight of the left eye had been impaired, two physicians testifying that plaintiff had only two thirds normal vision in his left eye, and that its condition was due to sympathetic weakness from the injury to the right eye, a verdict for $11,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372-385; Dec. Dig. § 132.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by W. J. Jenkins against the St. Louis, San Francisco & Texas Railway Company. From the judgment, defendant appeals. Affirmed.

Andrews, Ball & Streetman and Head, Dillard, Smith & Head, for appellant. Wolfe, Maxey, Wood & Haven, for appellee.

TALBOT, J. This suit was instituted by the appellee against the appellant to recover damages for personal injuries sustained by him on account of the negligence of appellant. It is alleged: That the appellant owned and operated a railroad and shops and yards in Grayson county, Tex. That on the 21st day of September, 1909, plaintiff was in the employ of defendant in the capacity of a boiler maker helper, and was under the superintendence, control, command, and direction of one C. A. Oglesby, who was then in the employ of the defendant in the capacity of a boiler maker; that, in the performance of his work as a helper of said C. A. Oglesby, said Oglesby directed plaintiff in the discharge of his duties, and it was plaintiff's duty, and he was required by the defendant, to obey instructions and directions of said Oglesby; that on said 21st day of September, 1909, the said Oglesby was engaged in repairing an engine and renewing rivets with patch bolts in the side sheet of the engine, and in doing this work plaintiff was acting as said Oglesby's helper; that a part of the work to be done in this repairing was

what is known as V-ing out a hole—that is, cutting it out with a cold chisel by striking the chisel with a hammer—that in doing this work of cutting out holes what is called burrs or pieces of sheeting are cut off and thrown from the sheeting with great force by the chisel being struck with a hammer; that while engaged in the work aforesaid, in working upon the right side of the fire box, said Oglesby had used an air hammer, and, while he was chiseling and cutting out the holes, plaintiff stood behind him in a position out of danger of being struck by the burrs and chips that would fly from the sheet of the engine as they were cut out by the use of the chisel and hammer; that a chisel fell down under the ash pan in the fire box and Oglesby directed plaintiff to get it; that, when plaintiff started to get the chisel, Oglesby discontinued striking the chisel and cutting off burrs and chips from the sheet of the engine where he had been at work, but, while plaintiff in obedience to said Oglesby's orders was getting the chisel from under the ash-pan, said Oglesby began to work on the left side of the fire box by striking the chisel with the hammer; that the chisel was so situated and pointed in such way as that a burr or chip cut from the sheet would naturally and necessarily fly toward plaintiff; that just as plaintiff picked up the chisel that he had gotten from under the fire box and straightened up said Oglesby with the hammer struck and cut a burr, chip, or piece from the sheet which flew with great force and struck plaintiff's right eye and totally destroyed the sight thereof, and seriously injured his left eye; that as the result of said injuries plaintiff is totally blind in his right eye, and the sight of his left eye very greatly diminished and injured. It is further alleged that Oglesby gave plaintiff no warning that he was going to use the hammer and chisel while plaintiff was engaged in obeying his orders and getting the chisel from under the fire box; that the proper, usual, and customary way of doing said work was for Oglesby to wait until he, plaintiff, had gotten the chisel from under the fire box, and gotten out of the danger of flying burrs or chips from the sheet as they would be cut off, but, instead of doing so, the said Oglesby, at the time plaintiff was engaged in obeying his orders, and while in a position of danger from flying burrs or chips, negligently began to use the hammer and chisel to cut chips and burrs from the sheet, and thereby negligently caused a burr or chip or piece of said sheet to fly and injure plaintiff as above stated. Defendant answered by a general denial, pleas of contributory negligence, and assumed risk, and that, if Oglesby was guilty of any negligence which caused or contributed to plaintiff's injury, he was at the time such injury was received a fellow servant of plaintiff, and de-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

fendant was not responsible for such negligence. The case was tried before a jury, and verdict and judgment rendered in favor of the plaintiff for $11,000, and the defendant appealed.

The first assignment of error complains of the court's action in refusing to instruct the jury at defendant's request that C. A. Oglesby at the time plaintiff was injured was a fellow servant of plaintiff, and that defendant was not responsible for his acts; therefore to return a verdict in favor of defendant. The propositions contended for under this assignment are: (1) That appellee and Oglesby were not engaged in operating a railroad, or in work directly connected therewith, at the time of appellee's injury and were fellow servants, and appellant is not liable for Oglesby's negligence; (2) that if the provisions of the Texas employer's liability act of 1909, which abrogate the common-law doctrine of fellow servants as to those operating railroads and leaves it in force as to all other persons, be not restricted to those employés engaged in the operation of railways, or in work directly connected therewith, then the said act is violative of the equal protection clause of the fourteenth amendment to the federal Constitution, and is void; (3) that the appellee and Oglesby were fellow servants, notwithstanding the provisions of article 4560g, R. S., because article 4560g, R. S., was repealed by the provisions of the Texas employer's liability act of 1909; (4) that if the provisions of article 4560g, R. S., which abrogates, in part, the common-law doctrine of fellow servants as to certain employés of railroads and leaves it in force as to all other persons, be not restricted to those employés engaged in the operation of railroads or in work directly connected therewith, then the same is violative of the equal protection clause of the fourteenth amendment to the federal Constitution, and is void. Neither of these propositions can be maintained under the statutes and decisions of this state.

[1] 1. The undisputed evidence is that appellee was a boiler maker helper to C. A. Oglesby, a boiler maker, both being in the employ of appellant, and that Oglesby was intrusted with authority to direct and superintend appellee in the work they were doing. In this state of the evidence Oglesby was not a fellow servant of the appellee. Revised Statutes, 1895, art. 4560g; Acts 1909 (1st Ex. Sess.) p. 279; Sherman v. Railway Co., 99 Tex. 571, 91 S. W. 562; Railway Co. v. Bailey, 115 S. W. 609; Railway Co. v. Frazier, 90 Tex. 38, 36 S. W. 432. Under the statutes and decisions cited, it was not essential, in order to constitute Oglesby a vice principal of the appellant, in so far as his relations with the appellee at the time the latter's injury was received is concerned, that he have the power to hire and discharge. The common-law rule, to the effect that the employé's negligence would not be imputed to the master unless such power was conferred upon him, was abrogated by the statutes cited. As said in Railway v. Frazier, supra, and quoted with approval in Railway v. Bailey, supra, the purpose of the statute was to "impute to the master the negligence of an employé upon whom he has conferred authority "impute to the master the negligence of volition of another employé in the performance of his duties."

[2] 2. The statutes referred to are not violative of the equal protection clause of the fourteenth amendment of the federal Constitution. "They are applicable to all persons of a particular class, affecting alike the employés of all corporations or persons owning or operating a railroad, when brought under their influence under like circumstances and conditions." Railway v. Bailey, 115 S. W. 606; Railway v. Smith, 45 Tex. Civ. App. 128, 99 S. W. 743; Railway v. Groethe, 31 S. W. 198; Railway v. Richardson, 125 S. W. 624; Railway v. Melton, 218 U. S. 36, 30 Sup. Ct. 676, 54 L. Ed. 921; Railway v. Turnipseed, Admr, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. ——.

[3] 3. Article 4560g of the Revised Statutes, making any person engaged in the service of a railway corporation operating a railroad situated in whole or in part in this state who is intrusted by such corporation with authority to control or direct any other employé in the performance of any duty of such employé, a vice principal of such corporation, was not repealed by the act of the Legislature passed in 1909, and referred to as the "Texas Employer's Liability Act." It certainly does not expressly repeal it, and we see no such repugnancy between the two acts as would necessarily operate as a repeal of the former by implication.

[4] It is well settled that, in order to repeal a statute by implication, "there must be a positive repugnancy between the provisions of the new law and the old, and the new must be contrary to the prior law. It is not sufficient that the later law is different." Herndon v. Reed, 82 Tex. 651, 18 S. W. 665; Less v. Ghio, 92 Tex. 654, 51 S. W. 502; Railway Co. v. Cass County, 53 Mo. 17. That a repeal of the article in question was not intended by the act of 1909 is expressed in section 5 of said act, which reads as follows: "That nothing in this act shall be held to limit the duty or liability of common carriers or to impair the rights of their employés under the 'assumed risk law' enacted by the 29th Legislature or any other act or acts of the Legislature of this state, though in case of conflict this law shall prevail." It seems quite clear that the purpose of the Legislature in enacting the act of 1909 referred to was to make it conform to the federal employer's liability act and to abrogate the common-law doctrine of fellow servant as to all employés of any person or corporation operating a railroad in this state. Section 1 of said act, so far as need be quot-

ed, reads: "That every corporation, receiver or other person operating any railroad in this state shall be liable in damages to any person suffering injury while he is employed by such carrier operating such railroad." Appellant contends that this section of the act indicates that its provisions are applicable only to those employés of a railway company who are, when injured, actually engaged in the operation of a railway train or cars. We do not concur in this construction of the statute. The statute does not make the railway company liable only for an injury suffered by the employé while he is engaged in the work of operating its trains or cars, but also for an injury received in the discharge of the duties required of him while employed by such company. It is manifest, we think, that it was the intention of the Legislature to apply the words "operating any railroad" to the word "carrier," and not, as seems to be the contention of appellant's counsel, to the word "employed." Indeed, as the sentence is constructed, it does apply to the word "carrier," and can have reference to no other word therein.

4. That said act is not void as being in violation of the fourteenth amendment to the Constitution of the United States, but, like the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]) abrogates the common-law doctrine of fellow servant as to employés of a corporation operating a railroad, is well settled by the decisions, above cited, of the courts of this state and of the Supreme Court of the United States. The special charge was properly refused.

[5] 5. The second assignment of error is to the effect that the court erred in refusing to give appellant's special instruction directing the jury to return a verdict in its favor on the ground that the evidence fails to disclose actionable negligence on the part of appellant. There was no error in this action of the court. The evidence is sufficient to show that C. A. Oglesby, whom we have held was a vice principal of the appellant, in directing appellee in the performance of his work, was guilty of negligence proximately causing the injuries of which appellee complains, substantially as alleged in his petition. It certainly cannot be said that the evidence relied on by appellee to establish the negligence alleged was so lacking in probative force that the court would have been warranted in withdrawing the issue from the jury.

[6] 6. Appellant's third and fourth assignments complain, respectively, of the fifth and sixth paragraphs of the court's charge, and raise practically the same question of law presented in the first assignment, and, in addition thereto, complains of the sixth paragraph of the charge on the ground that it omits to specify what acts or omissions of Oglesby the jury might consider in determining the question of his negligence. The question presented by the first assignment, and which, as said, is here raised again, need not be further discussed, and, as to the complaint that the sixth paragraph of the general charge omits to state or enumerate what acts or omissions of Oglesby, the jury might consider in determining whether or not he was guilty of negligence, as alleged, it may be said that the charge is a correct statement of the law applicable to the facts; but, if defective in the respect claimed by appellant, the error is one of omission, and a special charge correcting it should have been requested by appellant. Having failed to request such a charge, appellant will not now be heard to complain.

7. In the tenth paragraph of the general charge, the court submitted the doctrine of comparative negligence in accordance with the provisions of the act of 1909, and in its fifth and sixth assignments of error the appellant complains of this charge and of the court's refusal to give its special charge No. 13, which submits contributory negligence on the part of the appellee as a bar to his recovery. The contention is that the suit was not brought under the provisions of the act of 1909, and, not having been so brought, the court erred in submitting in the charge to the jury the doctrine of comparative negligence, and should have given appellant's said special charge, which submits the common-law doctrine as to contributory negligence. It is sufficient to say, in answer to this contention, that we have held in disposing of the first assignment of error that the act of 1909 is valid, and that it applies to employés such as appellee and Oglesby, in the work in which they were engaged at the time appellee was hurt, and that, if that holding is correct, the position here assumed cannot be maintained.

8. The seventh assignment complains of the ninth paragraph of the court's charge, which is as follows: "If you should find for plaintiff, you will allow him such sum as you may believe from the evidence will, as a present cash payment, reasonably compensate him for the physical and mental pain, if any, he has suffered by reason of his injury; for the time he has lost, if any, by reason of his injury; for the physical and mental pain, if any, which you believe, from the evidence, it is reasonably probable he will suffer in the future by reason of his injury; also for the diminished capacity, if any, to labor and earn money in the future by reason of his injury." The proposition urged under this assignment is that if the court did not err in giving the charge submitting the doctrine of comparative negligence, which is complained of in the fifth assignment of error, then the court erred in giving the ninth paragraph here complained of without referring to the paragraph made the basis of said fifth assignment of error, and without qualifying said ninth paragraph "as to the amount of the damages that plaintiff was entitled to recover by reason of the comparative negli-

gence proposition." We have grave doubts of the sufficiency of the evidence to raise the issue of contributory negligence, and, if it is not raised, the charge of the court in submitting that issue was more favorable to appellant than it was entitled to, and he has no cause to complain of the manner of its submission. But, treating the evidence as being sufficient to raise the issue, the charge complained of furnishes no sufficient reason for reversing the case. Standing alone, it might, but the tenth paragraph of the charge which immediately follows qualifies it sufficiently to meet the criticism made in the assignment under consideration. There is no conflict in the two paragraphs and when considered together, there is no probability that the jury, presumed to possess ordinary intelligence, was misled by the paragraph assailed to the prejudice of appellant. Nor did the court err in refusing to give appellant's special charge No. 11, made the basis of its eighth assignment of error. This charge, in so far as correct, was sufficiently covered by the seventh paragraph of the main charge.

[7] It is not essential to the injured party's right to recover for future consequences of his injuries that he show that it is "reasonably certain" that he will suffer the future results claimed. The evidence will be sufficient for such a recovery if it shows a "reasonable probability of the occurrence of future ill effects of the injury." Railway Co. v. Harriett, 80 Tex. 73, 15 S. W. 556. Such was the character of the evidence in this case.

[8] 9. We have also reached the conclusion that the verdict is not excessive. The sight of appellee's right eye is entirely destroyed, and the evidence clearly indicates, not only that it is reasonably probable that the left eye will be impaired, because of the injury to the right eye, but that it has already been so impaired. Two physicians testified at the trial in substance that appellee only had two-thirds normal vision in his left eye, and that its condition was due to sympathetic weakness from the injury to the right eye. Upon a similar state of facts, this court held that a verdict of $11,000 was not excessive. Railway Co. v. Flood, 35 Tex. Civ. App. 197, 79 S. W. 1109.

All of the assignments of error have been carefully considered, and, because we are of the opinion that none of them disclose reversible error, the judgment will be affirmed.

Affirmed.