CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
The act to amend the charter of the town of Elizabeth-town, approved February 17, 1871, authorizes the board of trustees to levy and collect “ a tax on railroad companies for all property owned by said companies in the limits of Elizabeth-town, except rolling stock, sucli as freight and passenger cars, *236 to be levied at the same rate on the value as may be assessed upon the property of private individuals.”
The trustees, under this act, assessed certain property owned by the Elizabethtown & Paducah Railroad Company, and to enforce the collection of the tax levied, the marshal seized and was about to sell two freight cars, the property of that company.
The corporation filed its petition in equity, and sought to enjoin the threatened sale upon grounds which we will hereafter notice in their proper order.
When the cause was heard the petition was dismissed, and the railroad company prosecutes this appeal from the judgment of dismission.
The 28th section of an act to amend the appellant’s charter (1 Session Acts 1867-68, page 629) provides “ that said Elizabethtown & Paducah Railroad Company shall be exempt from taxation till completed, and that it shall never be taxed at a valuation beyond the rate at which said (other) roads are now taxed by law.”
It is averred in the petition, and established by the proof, that the appellant’s road was not completed until September, 1872, and the question arises, whether in any event its property can be taxed for the years 1871 and 1872.
The municipal officers of the town insist that the exemption relied on applies only to taxation by the state for the purpose of raising general revenue.
The language quoted implies no exception. To “exempt from taxation” means to exempt from all taxation imposed by the authority of the state government, whether for general or local purposes, and municipal taxation comes clearly within the spirit and import of the act under which the exemption is claimed. (Johnson v. The Commonwealth, 7 Dana, 342.)
It is further contended that because the charter of the railroad company was enacted subsequent to the passage of the act *237 of 1856 it is subject to amendment or repeal, and that tbe amendment to the charter of Elizabethtown operates as an amendment to, or a partial repeal of the railroad company’s charter. The last act is clearly not an amendment to the first, and if it was intended as such, it would be unconstitutional and void on account of the subject-matter of the law not being expressed in its title.
It is not an express repeal of the exemption, and this is demonstrable from the fact that the latter act does not refer to the former, or to any part of it, either directly or remotely.
Nor does it amount to a virtual repeal. If by fair and legitimate interpretation two acts of the legislature that are seemingly incompatible or contradictory may be enforced, they will both be upheld, and the one will not be regarded as repealing the other by construction unless there is reason to conclude that the legislature intended that the subsequent act should control the former. In this case the fair inference is that in amending the charter of Elizabethtown, the legislature did not have the special express exemption from taxation for a limited period of time enjoyed by the appellant, in view at all; and it is impossible to suppose that the intention was to override that' exemption for the benefit of the municipal government. The two acts are not necessarily incompatible. They may both be enforced. The railroad company may receive the benefit of the exemption up to the time of the completion of its road, and from that time forward the town may tax its property just as it taxes the property of other railroad companies. This is the construction which the two acts must receive.
But as the appellant seeks to enjoin the collection of the taxes levied subsequent to the completion of its road, it is necessary that the other grounds relied on shall be considered.
Whilst we appreciate the difficulties and the possible evils that may attend the fragmentary taxation of railroads in conse *238 quence of the peculiar character of such property, we perceive no constitutional objection to the authority conferred by the legislature upon the municipality of Elizabethtown. The cases of Applegate v. Ernst (3 Bush, 650) and the Louisville & Nashville Railroad Co. v. The Warren County Court (5 Bush, 243) do not support the conclusion that such legislation is unconstitutional.
These decisions are based on the general laws regulating the taxation of railroad property, and it was in view of those laws the court said, that “ to avoid such evils and absurdities the court treats a railroad as an entire thing not legally subject to coercive severance or dislocation.”
But we have here an act of the legislature expressly providing for this coercive severance or dislocation. With the propriety or policy of the act we have nothing to do. We can not say that it violates any provision of the organic law, nor that it destroys the equality and uniformity of taxation, and hence the courts can not on this account alone interfere to prevent its enforcement.
We need not decide whether the provision in the railroad charter declaring “ that it shall never be taxed at a valuation beyond the rate at which said roads are now (1867) taxed by law ” constitutes a contract, or is a mere gratuity, nor whether if in the nature of a contract it is subject to legislative control under the provisions of the act of 1856. There is no averment in the petition of appellant to the effect that the town was attempting to tax its property at a higher valuation than was fixed by law in 1867 — 8.
As to the taxes levied for 1873 the railroad company is also entitled to relief. Under existing laws its cars can not be seized and sold by a ministerial officer even for taxes. The locomotives and cars of a railroad company are treated as fixtures of its road. In the case of Phillips v. Winslow (18 B. Monroe, 448) this court held that such seizures and sales would lead to *239 results so mischievous that .they were not to be tolerated by the courts. The policy and propriety of this decision were recognized by the general assembly when the act of 1862 providing for the taxation, for state purposes, óf railroads, was passed.
The collection of these taxes can be enforced only under the supervision of a court of equitable jurisdiction, and the irreparable injury to the tax-payer and the inconvenience to the general public which would result from interference by ministerial officers with the operation of great lines of travel and commerce can generally be avoided.
There is nothing in the original or amended charter of Elizabethtown to justify the conclusion that this rule of public policy to which judgment creditors of railway companies are compelled to yield, and which is respected by the commonwealth in the collection of the public dues, was intended to be set aside and annulled, in order to enable that town to enforce the collection of its municipal taxes with facility and dispatch.
In consideration of these conclusions the judgment of the circuit court dismissing the petition of the appellant is reversed, and the cause is remanded, with instructions to enjoin perpetually the collection of all taxes levied prior to the first day of September, 1872, and to enjoin the sale of the company’s cars for taxes levied subsequent to that period.