83  657
85  270

CASE 91—PETITION EQUITY—FEBRUARY 27.

# Adams Express Co. v. City of Lexington.

ONE STATUTE WILL NOT BE REGARDED AS REPEALING ANOTHER BY IMPLICATION unless they are absolutely irreconcilable, or there is sufficient reason to conclude the Legislature so intended.

*Foreign* express companies being exempted by statute from local taxation by the payment of the State tax for the privilege of doing business, a provision in the charter of the city of Lexington authorizing it to impose a license tax upon "each" express company can not be held to apply to *foreign* companies.

BRECKINRIDGE AND SHELBY FOR APPELLANT.

A statute is not repealed by implication, unless there is such a positive repugnancy between its provisions and the provisions of a subse-

vol. 83.—42

quent statute that the two can not stand together or can not con-- sistently be reconciled.

The charter of appellee must be construed as authorizing the imposition of a license fee on express companies *other than foreign express companies*, which are alone exempted by the general law. (Broom's Legal Maxims, pages 28-9; E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 237; Loran v. City of Louisville, 4 Ky. Law Rep., 257; Seifred v. Commonwealth, 15 Cent. Law Journal, 419; Acts 1869-70, volume 1, page 33.)

JOHN R. ALLEN for APPELLEE.

The charter of appellee authorizes the imposition of a license fee on "*each* express company." This language applies to both foreign and domestic companies, and must be construed as repealing the general law exempting *foreign* express companies in so far as it applies to the city of Lexington. The conflict can not be reconciled. so as to give effect to both statutes.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The Legislature, by the act of March 2, 1860 (Myers' Sup., page 228), required all *foreign* express companies to obtain annually a license from the State Auditor, as a condition to their right to do business in this State.

By another of February 20, 1864, *all* express companies doing business in Kentucky were required to annually report to the Auditor a statement of their business, and pay into the treasury a tax of six per cent. upon the net profits arising from it. (Myers' Sup., page 480.)

On March 2, 1870, an act amendatory of the one last named was passed, by which *foreign* express companies were required to pay for the privilege of doing business in this State a tax of five hundred dollars, if the line was one hundred miles or less in length, and one thousand dollars if over; and it was further provided, that "any such company which

has taken or may take out the license provided for
in said act of March 2, 1860, and shall pay the
annual tax provided for in this act, shall not be
required by any county, town, city or other cor-
poration or local jurisdiction in this State to take
out or obtain any other or additional license, or to
pay any other or additional tax or sum of money
for the right or privilege of conducting its business
in or through such county, town, city, corporation
or other local jurisdiction." (Acts of 1869–70, vol-
ume 1, page 33.)

The charter of the city of Lexington, approved
April 19, 1882, provides:

"Sec. 16. That the mayor and board of council-
men shall have the right to tax and license, and
shall by ordinance provide for the licenses for the
following businesses, professions and employments,
with adequate penalties for doing business without
the required license:    *    *    *    for each intelli-
gence office, claim agent, commercial agent, street
broker, pawnbroker, *express company*,    *    *    *    not
less than ten dollars nor more than two hundred
and fifty dollars." (Acts of 1881–'2, volume 2, page
617.)

The only question to be considered is, whether
the above charter provision, authorizing the city to
require "*each*" express company to obtain a license,
repeals the exemption from such taxation given by
the act of March 2, 1870, *supra*, to *foreign* express
companies as to the city of Lexington.

Clearly it does not do so *expressly*. The one is
not an amendment of the other, and can not be

held to annul the exemption save by *implication.*
Such repeals are not favored. One statute will not
be regarded as repealing another by construction,
unless they are absolutely irreconcilable, or there is
sufficient reason to conclude that the Legislature so
intended; and such a construction will not be given
to *general* words as to so operate as to a *particular*
statute, unless the words can not otherwise have
their proper operation.

The act of March 2, 1870, indicates a general policy
upon the part of the State to exempt foreign express
companies from local taxation by the payment of the
State tax; and it is unreasonable to suppose that
the Legislature intended to reverse this policy as to
and for the benefit of *one particular local jurisdic-
tion.*

If it had seen proper to say that all towns and
cities should have the power by ordinance to tax
and license "each" express company, the legislative
intent would have been plain. It is true that the
word "each" denotes every one of the two or more
comprising the whole; but in this instance it must
be regarded as indicating that the license fee for
each of the companies intended to be included in
the provision of the charter, and which were not
exempted from city taxation by the then existing
law, should be so much. It includes the whole of
the class which were not then exempt from such
taxation. Such a construction leaves both provisions
in force, and authorizes the city to tax and license
all express companies, save foreign ones. If this be
not the correct one, then it follows that the Legis-

lature intended to reverse the policy announced by the act of March 2, 1870, in favor of one city, and permit it to impose a tax upon the company equal to one-fourth of that paid to the State; and this, too, without even a reference to the act, a portion of which it is claimed was repealed as to one municipality. In the case of the E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 233, the 28th section of the charter of the railroad company provided:

"Said Elizabethtown and Paducah Railroad Company shall be exempt from taxation till completed; and that it shall never be taxed at a valuation beyond the rate at which said (other) roads are now taxed by law." (Acts 1867-'8, page 629.)

The amended charter of Elizabethtown, approved February 17, 1871, authorized it to levy and collect "a tax on railroad companies for all property owned by said companies in the limits of Elizabethtown, except rolling stock, such as freight and passenger cars, to be levied at the same rate on the value as may be assessed upon the property of private individuals."

This language apparently included all the railroads in the town, and authorized it to at once proceed to levy the tax. It was, however, held by this court that the charter provision did not repeal the exemption in favor of the E. & P. Railroad, and the opinion says:

"If by fair and legitimate interpretation two acts of the Legislature that are seemingly incompatible or contradictory may be enforced, they will both be

upheld, and the one will not be regarded as repealing the other by construction, unless there is reason to conclude that the Legislature intended that the subsequent act should control the former. In this case the fair inference is that in amending the charter of Elizabethtown the Legislature did not have the special express exemption from taxation for a limited period of time enjoyed by the appellant in view at all; and it is impossible to suppose that the intention was to override that exemption for the benefit of the municipal government."

The inference is irresistible that the Legislature did not, by the charter provision now in question, intend to repeal, as to a single municipality, the exemption in favor of foreign express companies then existing generally as to the towns and cities of this Commonwealth, and that when it enacted the charter provision under consideration it did not have in view the act of March 2, 1870.

Judgment reversed, with directions to overrule the demurrer to the petition, and for further proceedings in conformity to this opinion.