## W. S. HERNDON V. W. W. AND SAMMIE B. REED ET AL.

### No. 3285.

**1.   Proof of Deed Before Deputy Clerk.**—The Act of August 8, 1870, authorized deputy district clerks to take acknowledgments and proof of deeds.   In taking such proof the deputy was exercising a direct and not a derivative power.   In law it should be deemed his own and not the act of his principal.   His certificate of an acknowledgment or proof of a deed was properly made in his own name and official character.

**2.   Constructive Repeal.** — By Act of May 6, 1871, amendatory of the general statutes in reference to the proof and acknowledgment of written instruments for the purpose of registration, it is provided that proof or acknowledgment of writings for record may be taken before some one of the following officers, viz.:   (In the list that of deputy clerk does not appear.)   It contains no repealing clause.   *Held:*

1.   If the authority to deputy district clerks was thereby repealed it must be by implication.   Such repeals are not favored.

2.   The amendatory act is not inconsistent in its terms with that of May 6, 1870, and did not operate as a repeal of it.

**3.   Case Overruled—Deputy May Take Acknowledgment.**—Miller v. Thatcher, 9 Texas, 482, overruled, in so far as deciding that a deputy clerk can not take and certify to proof of a deed or acknowledgment when his principal has such authority.

4. **Voluntary Deed Good Between Parties.** — A voluntary conveyance or a fraudulent one is good between the parties. It may be avoided by creditors or others having rights affected thereby, but the grantor can not in any way avoid his deed so made.

5. **Outstanding Equity.**—The husband after his second marriage conveyed land to his wife and the children of this marriage, in which the children of his first marriage had the superior equity. The husband after this conveyance conveyed for valuable consideration the same land. *Held*, that such purchaser when sued by the holders under the first deed could not defend against it by interposing the superior equity of the children of the first marriage, when he did not connect himself with their equity.

6. **Same.**—In so far as a purchaser held under the children of the first marriage he could defend against the volunteer holders under the deed to the second wife and her children.

7. **Facts—Limitation.**—See facts which do not show that the possession relied upon to sustain the defense of limitation was adverse to the title of the plaintiffs.

8. **Improvements in Good Faith.**—A defendant suggesting that he is a holder in good faith and seeking compensation for improvements must show that he has improved the particular tract of land recovered and how much the value of the land has been enhanced by his improvements.

ERROR from Smith. Tried below before Hon. FELIX J. McCORD.

The case of Cheek v. Herndon, ante, p. 146, and the opinion here, give a statement.

*W. S. Herndon* and *J. M. Herndon*, for plaintiff in error.—1. The three objections stated in the bill of exception will be used together. They in substance hold that the deed of gift was not legally proved up for record nor lawfully admitted to record by the same deputy who took the acknowledgment; that it did not fix notice upon plaintiff in error of its execution, and should have been excluded by the court. Const. 1869, art. 5, sec. 9; Gen. Laws 1870, p. 49; Gen. Laws 1871, p. 77; Rev. Stats., art. 2467.

Deeds made by deputy sheriffs in their own names have uniformly been declared invalid. Freem. on Ex., sec. 327, and authorities cited in note; Lewis v. Thompson, 3 Cal., 266; Evans v. Wilder, 7 Mo., 350; Anderson v. Brown, 9 Ohio St., 151.

As a general rule, whenever an officer is authorized to appoint a deputy such deputy may take and certify acknowledgments in the name of his principal. Muller v. Boggs, 25 Cal., 175; Abrams v. Erwin, 9 Iowa, 87; Gibbons v. Gentry, 20 Mo., 468; Lynch v. Livingston, 8 Barb., 463; Kemp v. Porter, 7 Ala., 138.

2. Whatever official act is done by a deputy should be done in the name of his principal, and not in the name of the deputy. The authority given by law to a ministerial officer is given to the incumbent of the office. Authority is not given to the deputy, but to the principal, and is exercised by the principal, either by himself or by his deputy. 5 Am. and Eng. Encyc. of Law, p. 624, div. 4, and cases cited; Talbot v. Houser, 12 Bush (Ky.), 408; Triplett v. Gill, 7 J. J. Marsh.

(Ky.), 440; The People v. Powers, 19 Abb. Pr. (N. Y.), 99. The principle is the same in the case of sheriffs and deputy sheriffs.

In Jordan v. Terry, 33 Texas, 680, the doctrine is clearly and distinctly announced. This case overrules Miller v. Alexander, 13 Texas, 497, and Towns v. Harris, 13 Texas, 507. And in Arnold v. Scott, 39 Texas, 378, the ruling in 33 Texas above is approved, citing the case in 22 Texas and others showing that this is the established doctrine of this State. Also, see cases in other States: Joyce v. Joyce, 5 Cal., 449; Rowley v. Howard, 23 Cal., 402; Ditch v. Edwards, 1 Scam. (Ill.), 127 (26 Am. Dec., 414); Village of Glencoe v. The People, 78 Ill., 382.

The deputy county clerk who holds office at the pleasure of the county clerk has no "term of office." Gibbs v. Morton, 39 N. J. Eq., 126.

*C. G. White* and *J. M. Edwards*, for defendants in error.—1. Where the deputy is recognized as an officer by the law, and authority is given to the deputy as such, such deputy may act in his own name. At the time the acknowledgment was taken, January 31, 1872, deputy clerks were specially authorized by law to take acknowledgments. Pasch. Dig., arts. 496, 497, 7414, Cook v. Knott, 28 Texas, 85; Wert v. Schneider, 64 Texas, 327; 5 Am. and Eng. Encyc. of Law, 624, title "Deputy," and note. Articles 1104 and 1146, Revised Statutes, provide that deputies shall act in the name of their principal, but there is no such provision of statute before that.

2. A deed of gift is always valid as against any subsequent conveyance, unless such subsequent conveyance was to some person who, by reason of equities or claims attaching before the deed of gift made, had the right to maintain an action to avoid such deed of gift. Plaintiff in error is no such person. Hoeser v. Kraeka, 29 Texas, 450; Robinson v. Martel, 11 Texas, 149.

3. Even if Jasper M. Williamson had no equitable interest in the 320 acres, by reason of having disposed of personal property belonging to the community of himself and deceased wife, yet by the death of his two children, Ludy Turner and Frank Williamson, he became the owner by inheritance of a greater interest than defendants in error recovered, which under the deed of gift would have vested in defendants in error. Besides, by the death of said parties an interest vested in defendants in error as being sisters of the half-blood.

GAINES, ASSOCIATE JUSTICE.—This is a writ of error sued out by W. S. Herndon, one of the defendants below, in a certain suit for the recovery and partition of land, brought against him and others by J. B. Cheek, as guardian, and others. The plaintiffs below recovered an undivided half-interest in three small parcels of the land sued for. Cheek, guardian, not being satisfied with the recovery, appealed from

the judgment to this court. His co-plaintiffs did not appeal. That appeal was determined at a former day of this term, by an opinion which was delivered by the Commission of Appeals and adopted by this court, and which affirmed the judgment. All the plaintiffs not having been parties to that appeal, Herndon has sued out this writ of error from the same judgment, making all the plaintiffs below defendants in the writ of error. He insists that the plaintiffs should have recovered nothing, and that at all events he should have had a judgment protecting him in the value of improvements made by him as a possessor in good faith. A statement of the case appears in the opinion of the Commission on the appeal (Cheek, Guardian, v. Herndon et al.) at this term.

The plaintiff in error complains, first, that the court erred in admitting in evidence over his objection the deed from Jasper M. Williamson to Frances E. Williamson and her children to the land in controversy. The grounds of objection were, that the deed was acknowledged before an officer who described himself in the body of the certificate as the "deputy clerk of the District Court of Smith County," and who signed it with his own name alone as such deputy clerk. The certificate is dated January 31, 1872.

The Act of August 8, 1870, authorized "clerks of the District Courts, their deputies, and notaries public, to take acknowledgments of deeds and other written instruments required by law to be recorded in this State." 2 Pasch. Dig., art. 7414. The statute having expressly empowered the deputies as well as the clerks to take and certify the acknowledgments, it would seem that a deputy was as fully authorized to act as the clerk, and that in authenticating his act it would be proper for him to use his own name and official title. In such a case he exercises a direct and not a derivative power, and in law it should be deemed his own and not the act of his principal. If, therefore, the statute referred to was still in force when the acknowledgment under consideration was taken, the question would be free from embarrassment. But on the 6th of May, 1871, a statute was passed amendatory of the general statutes in reference to the proof and acknowledgment of written instruments for the purpose of registration. That statute purported to amend an Act approved May 12, 1846, and so much of it as affects the question now before us reads as follows: "That section 11 of the above recited act be so amended that it will hereafter read as follows: Proof or acknowledgment of every instrument of writing for record may be taken before some one of the following officers: first, when acknowledged or proved within the State, before some notary public, district clerk, or judge of the Supreme or District Court in the State; second, when acknowledged or proved without the State, and within the United States," etc. 2 Pasch. Dig., art. 7418. It contains

no repealing clause, and if it be repealed it must be by implication. Such repeals are not favored.

In Wood v. United States, 16 Peters, 363, Mr. Justice Story uses this language: "We say necessary implication, for it is not sufficient to establish that subsequent laws cover some or even all of the cases provided for by it; for they may be merely affirmative, cumulative, or auxiliary. There must be a positive repugnance between the provisions of the new law and those of the old; and even then the old law is repealed by implication only pro tanto to the extent of the repugnancy." Mr. Bishop, in course of a discussion of the docrine of repeal by implication, says: "Hence in principle, and equally on the better American authorities and on the English, the just doctrine is, that without exception a statute in affirmative terms, with no intimation of an intent to repeal prior laws, does not repeal them unless the new and old are irreconcilably in conflict." Bishop Written Laws, sec. 760. Here, then, is no irreconcilable conflict. The language of the later act is, not that the proof or acknowledgment "*shall* be taken," but that it "*may* be taken," before "some one" of the officers named; and it seems to me is perfectly consistent with the former law which permitted still other officers to exercise the power. It must be borne in mind, that by the Constitution of 1869 the duties of the clerks of the District Courts had been greatly enlarged. Under that Constitution, and the laws made in pursuance thereof, their functions had been so multiplied that it must have been contemplated that they should act through deputies. Therefore no reason suggests itself to my mind why it should have been deemed desirable to repeal the law of 1870. Speaking for myself, I am of opinion that it was not intended to repeal that act.

But however this may be, we are of the opinion that the certificate of acknowledgment was good. In Miller v. Thatcher, 9 Texas, 482, it was said that a deputy county clerk was not authorized to take the acknowledgment of a deed. But this was a mere dictum, and it was recognized as such in Rose v. Newman, 26 Texas, 131, in which it was held that a deputy had such authority. The ruling in the latter case has been followed in Cook v. Knott, 28 Texas, 85, and in Frizzell v. Johnson, 30 Texas, 31. From the report of these cases it does not clearly appear whether the deputy clerks acted in the name of their principals or not, but we think it is to be inferred that they acted in their own names. At all events, it has ever been the rule in this court to regard the substance rather than the form of official acts; and we see no substantial reason why, if the deputy is authorized to take the acknowledgment, he may not use his own name in making the certificate. Such a certificate is in accordance with the real fact. The grantor or the witness, as the case may be, appears before the deputy. Why should not the deputy certify to that fact over his official signature and the seal of the court whose officer he is? It has been held in this court,

and it may now be considered settled law with us, that a return signed with the name of a deputy sheriff alone as deputy is good; and that where he has sold property he may convey without using the name of the sheriff. Towns v. Harris, 13 Texas, 507; Miller v. Alexander, 13 Texas, 497; Davis v. Rankin, 50 Texas, 279. We conclude that it was not error to admit the deed.

In the next place, it is insisted that the court erred in giving plaintiffs below judgment for any part of the land in controversy, because J. M. Williamson, "the donor, by acts, words, and deed, or by conveyance to other persons, revoked said gift," etc. The conveyance of Williamson to his wife and children was void as to creditors, and, as was held in the opinion upon the appeal in this case, was ineffective as against the equitable rights of the heirs of his first wife. But it was good as between the parties, and the grantor had no power to revoke it. The cases cited by plaintiff in error in support of his proposition give no countenance to his contention.

The fourth assignment is, that the court erred in the eighth conclusion of law, to-wit: "The court finds for plaintiff for an undivided one-half interest in the 22, in the $1\frac{1}{5}$ acres, and also in so much of the $3\frac{1}{2}$ acres as may be on the 320-acre tract, and judgment will be entered accordingly."

As to all the land except that named in the conclusion quoted in the foregoing assignment the court held that the plaintiffs below were not entitled to recover. The land not named was held by Herndon under conveyances from the heirs of the first wife. They were equitably entitled to the whole, except in so far as they may have relinquished their right to any remainder by accepting deeds from their father to a part. Herndon, holding their equities to certain parcels of the land, was entitled to defeat a recovery as to such parcels. But as to the parcels now under consideration, he does not connect himself with the equities of the heirs of the first wife. They are claimed by him under deeds from J. M. Williamson subsequent to that under which the plaintiffs claim. J. M. Williamson's deed to his wife and children conveyed to them the legal title to one-half of the entire tract, and left no title in him to convey to Herndon. Against their title Herndon could not successfully interpose an outstanding equity with which he did not connect himself. Besides, before Williamson's conveyance to his second wife and children, Mrs. Turner, a daughter by his first wife, died. He inherited one-fourth of her equitable interest in the land in controversy, and this passed to his second wife and her children by the conveyance to them. This interest is approximately the amount the plaintiffs recovered in the court below.

It is also complained that the court erred in not sustaining defendant Herndon's pleas of limitation. But the facts about the possession are, that soon after J. M. Williamson's second marriage he removed

from the land in controversy to the Gilbert survey—leaving some of his children by his first wife in possession of the former tract. He, however, continued to cultivate parts of the land in suit, and subsequently conveyed parcels of it to the children of his first wife. There is nothing to indicate that these children held adversely to him as to any of the land until he conveyed to them. His own holding certainly was not adverse to that of his second wife and her children. When he conveyed the small parcels in which the plaintiffs below recovered a half-interest, the possession then became adverse; but then the second wife was dead and the plaintiffs were all minors.

Whether the plaintiff in error should be deemed a possessor in good faith or not we need not determine. The evidence fails to show what improvements, if any, he put upon the land which has been recovered. There was evidence showing that he had improved the whole tract, and the value of such improvements; but what improvements were put by him upon these particular parcels does not appear. Before a defendant in an action of trespass to try title can claim the benefit of the statute made for the protection of those who have improved the land in good faith, he must show not only that he has improved the particular parcel which the plaintiff is found entitled to recover, but also how much such parcel has been enhanced in value by the improvement.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered December 22, 1891.