## MRS. ETTA LESS, GUARDIAN, V. A. L. GHIO.

No. 801. Decided June 1, 1899.

**1. Practice on Appeal—Termination of Controversy.**

Where a guardian had appealed from an order requiring a new bond, made on motion of the holder of a claim against the estate, the payment of such claim did not terminate the controversy nor make it proper to dismiss the proceeding. (P. 653.)

**2. Guardians' Bond—Foreign Guaranty Company as Surety.**

The Act of June 10, 1897 (General Laws, Twenty-fifth Legislature, p. 244), authorized a foreign corporation on complying with its requirements to become surety upon the character of bonds therein mentioned, and was not restricted in its opera-

tion by the act of the same Legislature, of March 23d (General Laws Twenty-fifth Legislature, p. 52), giving such right to domestic corporations only. The laws were not in conflict; and the later was cumulative of the older. (Pp. 653-655.)

**3. Same—Statutory Construction.**

Guardians' bonds were included in those which foreign guaranty companies were authorized to execute by the Act of June 10, 1897, though not specifically enumerated. The exception of bonds of State and county officers in the proviso to section 1 of that act excludes from the exception all other bonds embraced within the general terms of the law; and the right given by section 5 to such corporations to withdraw from guardians' and other bonds shows that guardians' bonds were intended to be included in those which such corporations were authorized to execute. (Pp. 654, 655.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Bowie County.

Mrs. Less appealed from an order of the District Court (on Ghio's appeal from the County Court) requiring her to give a new bond as guardian. The judgment being affirmed by the Court of Civil Appeals, she then obtained writ of error.

*P. A. Turner,* for plaintiff in error.

*Todd & Glass,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—The facts found by the Court of Civil Appeals are as follows:

"On January 17, 1898, appellant was appointed guardian of the estate of Isaac Kosminsky, minor, and her bond was fixed at $22,000 by the County Court of Bowie County, Texas. On the same day she took the oath and made the bond, and it was approved by the county judge of said county.

"This bond was subscribed by appellant as principal, and by the Fidelity and Deposit Company of Maryland and A. G. Robb as sureties.

"On January 27, 1898, A. L. Ghio, appellee, who held a claim against the estate of said minor for about $2800, filed a motion in said County Court to require said guardian to make a new bond, because one of the sureties on his old bond, to wit, 'The Fidelity and Deposit Company of Maryland, is a foreign corporation not organized or created under the laws of Texas, and such company is not a competent surety on said bond, and the same is illegal and insufficient.'

"On February 4, 1898, this motion was heard and overruled by the County Court, and A. L. Ghio perfected his appeal therefrom to the District Court of said county.

"On April 9, 1898, this motion was heard by the District Court and was sustained, and appellant was required to make a new and a good and sufficient bond, and she has perfected her appeal therefrom to this court.

"It is agreed that the Fidelity and Deposit Company of Maryland.

is a corporation created by the laws of the State of Maryland; and that it has complied with all the laws of this State authorizing it to do business herein; and that the only objection to the bond is that the Fidelity and Deposit Company of Maryland can not execute the same, for the reason that it is not organized or created under the laws of this State."

The defendant in error has filed a motion in this case to dismiss the writ of error because his claim against the estate of the minor has been paid since the action of the court below and he claims that the controversy between himself and the plaintiff in error has terminated. Ghio's claim against the estate was never in controversy in this suit. The subject of the litigation was the bond of the guardian, which the court set aside and ordered her to give a new one. If this judgment stands, she must either give a new bond or cease to be guardian. The subject of this litigation has not been settled, and the motion to dismiss the writ of error is therefore overruled.

The Twenty-fifth Legislature of the State of Texas amended article 2601 of the Revised Civil Statutes upon the subject of guardians' bonds and sureties thereon. As amended that article reads as follows: "Any bond required by the provisions of this chapter to be given by a guardian shall be subscribed by such guardian and by at least two good and sufficient sureties, to be approved by the county judge of the county in which the guardianship is pending; provided, that such bond may be made by corporations organized or created under the laws of this State for the purpose of issuing surety, guaranty, or indemnity bonds, guaranteeing fidelity of executors, administrators, and guardians, and may be accepted by the county judge." This act was passed on the 23d day of March, 1897. Laws 25th Leg., p. 52.

Prior to the passage of this act there was no authority under the laws of this State for such corporation to become surety on the bond of a guardian. At the same session of the Legislature on the 10th day of June of the same year, another act was passed, being chapter number 165, General Laws Twenty-fifth Legislature, page 244, which authorized certain corporations named therein to engage in business in this State and to become sureties upon various classes of bonds required by law to be given. We make the following extract from the law: "Section 1. That whenever any bond, undertaking, recognizance, or other obligation is by law or the charter, ordinances, rules, or regulations of the municipality, boards, body, organization, court, judge, or public officer required or permitted to be made, given, tendered, or filed with a surety or sureties, and whenever the performance of any act, duty, or obligation, or the refraining of any act is required or permitted to be guaranteed, such bond, undertaking, obligation, recognizance, or guaranty may be executed by a surety company qualified as hereafter provided." This section proceeds then to prescribe the effect that shall be given to such bonds and excepts official bonds of State and county officers from the operation of the act. The subsequent sections prescribe what shall

be done by the corporations to qualify them to become sureties under the preceding section, and the terms embrace both domestic and foreign corporations of this class.

Under the law first quoted a domestic corporation created for the purpose could become surety for a guardian upon his bond, and, under the act last quoted, the same corporation can likewise become a surety upon the same character of bonds. There is no conflict between the two laws in that particular. Under the former law a foreign corporation of this class could not become surety because not authorized by law, while under the latter act, a foreign corporation may sign or execute such bond as surety for a guardian. There is no conflict in this respect between these laws; the latter simply adds another class of corporations to the former that may become surety on guardians' bonds. There can be no repeal by implication where there is no substantial conflict between the provisions of the two laws.

Mr. Sutherland, in his work on Statutory Construction, section 152, says: "It is not enough to justify the inference of repeal that the later law is different; it must be contrary to the prior law. It is not sufficient that the subsequent statute covers some or even all the cases provided for by the former, for it may be merely affirmative, accumulative or auxiliary; there must be positive repugnancy, and even then the old law is repealed by implication only to the extent of the repugnancy." How can it be said that a law which authorizes the doing of a certain act is repealed by another law which authorizes the doing of the same thing and other consistent things? The later act of the Twenty-fifth Legislature above quoted enlarged upon the subject of the first act, and is auxiliary and cumulative to it in the fact that it adds other corporations which may become sureties on the same bonds, and requires certain qualifications of all corporations that will render their obligations more valuable and the surety more satisfactory than before. We know of no rule of construction by which the specific terms of the older will restrict and limit the broader and more liberal terms of a later statute. There being no conflict both statutes will stand and co-operate. If there were a conflict, then the later act would prevail.

The intention of the Legislature to include guardians' bonds in the language above quoted is strongly indicated by the proviso in section 1 of that act, which reads as follows: "That nothing herein shall be construed to permit any corporation to become a surety upon the official bond of any State or county official in this State," and also by section 5 of the act, which provides: "Any surety company may withdraw from the bond of any trustee, guardian, assignee, receiver, executor, administrator, or other fiduciary in like manner and by like proceeding as is now provided by law in the case of individual sureties." Naming official bonds of State and county officers as excepted from the operation of the general language used in that section excludes from the exception all other bonds that are embraced in the general terms of the law. Suth.

Stat. Const., sec. 328; Wallace v. Stevens, 74 Texas, 559; Roberts v. Yarboro, 41 Texas, 449. Clearly the general language includes bonds of guardians.

The language of section 5 embraces both domestic and foreign corporations of this class, and gives the right to withdraw from guardians' bonds to foreign corporations as well as to domestic. If the Legislature had not understood the act to confer upon foreign companies the power to guarantee guardians' bonds, it would not have provided for their to guarantee guardians' bonds, it would not have provided for their withdrawing as sureties from such bonds, for they could not withdraw from the relation of surety if they could not contract it.

The District Court erred in holding that a guardian's bond could not be secured by a foreign corporation, if qualified under the laws of the State, and the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and this cause remanded.

The defendant in error states in his motion that the plaintiff in error had agreed to pay the costs of prosecuting the appeal and writ of error, but his statement is ex parte, not supported by any agreement in writing signed by the plaintiff in error, and it can not, therefore, be considered. The plaintiff in error will recover the costs of the Court of Civil Appeals and of this court.

*Reversed and remanded.*