## AMERICAN NAT. INS. CO. v. RODRIGUEZ.

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1913.)

1. INSURANCE (§ 610*)—STATUTES—REPEAL—SERVICE ON DOMESTIC INSURANCE COMPANIES—"MAY ONLY."

Acts 31st Leg. c. 108, § 34, providing that process in the case of domestic insurance companies of certain kinds "may" be served "only" on certain of their officers, or by having a copy at the home office, and that laws relating to corporations in general shall apply to such companies so far as pertinent and "not in conflict" with the provisions of this act repeals, so far as concerns such companies, Rev. St. 1895, art. 1222, as amended by Acts 28th Leg. c. 47, authorizing service of citation in an action against an incorporation company on its local agent.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 610.*

For other definitions, see Words and Phrases, vol. 5, pp. 4420–4447; vol. 8, p. 7719.]

2. APPEAL AND ERROR (§ 662*)—RECITAL IN JUDGMENT.

Recital in the judgment that defendant was "duly served and cited" is not conclusive on appeal, the original petition showing service was sought on defendant's local agent, and the citation in the record showing it was served on such agent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2850–2852; Dec. Dig. § 662.*]

Error from Bexar County Court; P. H. Shook, Judge.

Action by Refugia Rodriguez against the American National Insurance Company. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

See, also, 150 S. W. 317.

Kleberg & Neethe, of Galveston, and Ogden, Brooks & Napier, of San Antonio, for plaintiff in error. Ryan & Ryan, of San Antonio, for defendant in error.

TALIAFERRO, J. [1] Refugia Rodriguez recovered judgment by default against American National Insurance Company for $302, with 6 per cent. interest thereon. Citation was served upon Elmer N. Woodruff, local agent of said company.

The assignments of error all question the sufficiency of the service to sustain judgment by default, because the same was had upon a local agent, the defendant being an insurance company, duly incorporated under the laws of the state of Texas, having its principal office at Galveston, and because no appearance was entered by defendant prior to judgment. Plaintiff in error contends that upon such corporations service of citation can only be made upon the president, active vice-president, secretary, or general counsel of defendant residing at the city of the home office of the company, or by leaving a copy of such citation at the home office of the company during business hours.

The only question for this court to determine is this: Do Acts 1909, p. 204, § 34,

---

repeal or supersede article 1222, Rev. Stat. 1895, as amended by Acts 1903, p. 66, so far as the insurance companies named therein are concerned, or are the requirements of act 1909 only cumulative of the other procedure prescribed by the earlier acts? We believe that the former alternative is the correct conclusion, and that the act of 1909 supersedes all other laws concerning the service of process, so far as affects domestic insurance companies named in that act. As a general proposition, where the Legislature makes a special provision covering a particular class, which is different from a preexisting general provision upon the same subject covering all classes, the general provisions, so far as the class is concerned, must yield to the special act. Perez v. Perez, 59 Tex. 322; City v. Bank, 127 S. W. 1083; Kirk v. Morley, 127 S. W. 1114; Latham v. Radford Co., 54 Tex. Civ. App. 510, 117 S. W. 909; Tompkins Co. v. Schmidt, 16 S. W. 174.

Let us examine the language of the two acts. Article 1222 of the Rev. Stat., as amended by the act of 1903, reads: "In suits against an incorporated company or joint-stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent representing such company or association in the county in which suit is brought, or by leaving a copy of the same at the principal office of the company during office hours; provided, that if the president, secretary or treasurer does not either of them reside in the county in which suit is brought, and such company or association has no agent in the county in which suit is brought, then the citation may be served upon any agent representing such company or association in the state. * * * " This act includes, and was no doubt meant at the time to include, every class of corporations, and, in the absence of the act of 1909, would have been final upon the rights of the parties to this suit. But the Legislature, by the act of 1909, saw fit to change this rule with reference to a certain class of domestic corporations, viz., life, accident and health insurance companies. We do not think the language of this act is susceptible of two constructions. It provides "that process in the case of domestic life, accident and health insurance companies may be served *only* on the president, acting vice president, secretary or general counsel residing at the city of the home office, or by leaving a copy at the home office during business hours." This language would not have been made stronger nor the meaning clearer by the use of "shall," in stead of "may." "May only" is a permission with a limitation. It can have but one meaning: That in the permission to serve upon those designated all other service is excluded. "Shall" is a word of command which, though commonly used in such connection, we believe would be less appro-

priate in this act. The use of the word "shall" could not have authorized another construction of the act, but would have rendered the sentence less lucid. But the Legislature did not stop there. To emphasize its meaning, it declared that "laws relating to and governing corporations in general shall apply to and govern companies organized under this act in so far as the same are pertinent and *not in conflict* with the provisions of this act." Article 1222 is in conflict with this act, in that it permits the service of process in suits against such domestic insurance companies to be made upon local agents. Railway v. Jenkins, 137 S. W. 713; Herndon v. Reed, 82 Tex. 651, 18 S. W. 665; Less v. Ghio, 92 Tex. 654, 51 S. W. 502; Voight v. Ry., 94 Tex. 366, 60 S. W. 658. In other matters the Legislature saw fit to make the general corporation laws applicable to such insurance companies, but considered it wise to change the method of bringing them into court by judicial process.

We do not think this conclusion is in conflict with H. & T. C. Ry. v. Willie, 53 Tex. 324, 37 Am. Rep. 756, nor with H. & T. C. Ry. v. Ford, 53 Tex. 370. In the former case three different acts of the Legislature, with reference to the service of process, were under examination. The appellant, as in this case, contended that the service upon it was void because made under the terms of an old law which had been repealed by a later act. The three acts, as quoted by appellee, are as follows: Act Feb. 7, 1853: "All process against such R. R. company shall be served on the president or secretary or by leaving a copy at the principal office of the corporation." Laws Extra Sess. 1853, c. 46. Act March 21, 1874: "Service of process on any corporation, including railroads, may be had by delivering a copy of such process with the certified copy of plaintiff's petition, if any, to the president, secretary, treasurer, principal officers or the agent." Laws 1874, c. 34. Act April 17, 1874: "Service of process may be had on any such corporation, association, or joint-stock company, by delivering a copy to the agent or person representing such corporation in the county in which the cause of action or a part thereof arose." Laws 1874, c. 87.

The court held that these acts were cumulative, and that the later acts were not intended to repeal the former. And the court was clearly right. By reading the three acts it will be seen that the second adds something to the first, but takes nothing away, and the third adds something to both, but takes nothing away. The intention of the Legislature to enlarge the method of serving process was very evident in each of the last two acts. But such is not the case in the act of 1909 as comported with article 1222. The act of 1909 takes something from the former law, viz., the right, in suits against certain kinds of insurance companies, to serve process upon local agents. It does

more—it declares that other laws for the government of corporations shall apply to such insurance corporations only when same are not in conflict with that act. We do not see how the Legislature could have expressed its meaning in a clearer manner. We believe the contentions of plaintiff in error are correct, and that service of citation upon Woodruff as local agent of the defendant insurance company was insufficient to give the court jurisdiction to render the judgment by default.

[2] Appellee contends that, since the judgment of the court in the case recites that the defendant was "duly served and cited," this court cannot go behind that judgment, but must be bound by the recitation in the decree. But in this case the original petition shows upon its face that service was sought upon the local agent, and the citation contained in the record shows that citation was in fact served on such agent.

The judgment of the lower court is reversed, and the cause remanded.