## CHILDS v. JUÉNGER et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1913. Rehearing Denied Jan. 14, 1914.)

1. BILLS AND NOTES (§ 110*) — ATTORNEY'S FEES—VALIDITY OF PROVISION.

A provision in a promissory note that, if it be placed with an attorney for collection, the maker agrees to pay 10 per cent. additional on the principal and interest as attorney's fees should be enforced, in the absence of a showing that the amount stipulated is unreasonable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 221; Dec. Dig. § 110.*]

2. VENDOR AND PURCHASER (§ 269*)—VENDOR'S LIEN—FORECLOSURE—RIGHT TO ENFORCE.

The transferee of secured lien notes given for land could, in an action of trespass to try title against himself and his transferror, who had conveyed to plaintiff's grantor, have the lien enforced for the attorney's fees stipulated for in the notes and other sums due thereon; such transferee having filed a cross-action to protect his interest and foreclose his lien.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 759–763; Dec. Dig. § 269.*]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by J. D. Childs against Joseph Juenger, B. E. Witte, and others, in which defendant last named filed a cross-action. From a judgment for plaintiff against all of defendants except Witte, and in favor of Witte foreclosing a vendor's lien, plaintiff appeals. Affirmed.

R. L. Edwards and Jas. W. Brown, both of San Antonio, for appellant. Gordon Bullitt, of San Antonio, for appellees.

FLY, C. J. Appellant instituted an action of trespass to try title to a portion of lot No. 13, New City, block No. 2,877, on Barbe street in the city of San Antonio, against Joseph Juenger and wife, Thomas B. Went and wife,

J. H. Frost, and B. E. Witte. Appellant alleged that he bought lot 13 aforesaid, of which the land in question is a part, from Went and wife; that he executed and delivered to them his note for $2,350, without interest, secured by a lien on the land, which note was placed with J. H. Frost by Went as collateral security for $400 borrowed by said Went; that Went had executed two notes, for $500 each to Joseph Juenger, and by him they were transferred to B. E. Witte, said notes having been executed by Went to Juenger for part of the purchase money of said lot 13, a lien being reserved to secure them; that Witte and Frost were claiming equities in the land; and that Juenger and wife were claiming a part of the lot in question. The cause was tried by jury, and resulted in the following verdict:

"We, the jurors, find that the plaintiff is entitled to the entire lot 13, 50 feet by 125 feet, and that the plaintiff carried out his contract in good faith, and payments should be carried out as originally made."

Upon the instruction of the court the following further verdict was returned: "We, the jury, find in favor of defendant B. E. Witte, against plaintiff J. D. Childs and against defendants T. B. Went and Anna Juenger, personally and as community survivor of the estate of herself and her husband, Joseph Juenger, deceased, and against defendants Joseph J. Juenger, Mrs. Ida Juenger Tyler, L. Tyler, Cecilia Juenger Kock, William Kock, Wilhelmina Juenger Hoffman, Herbert Juenger, Albert Juenger, and Joe H. Frost, foreclosing the vendor's lien evidenced by the two notes for $500 each with 8 per cent. interest per annum thereon from July 22, 1909, and 8 per cent. interest on past-due interest and 10 per cent. on the principal and interest as attorney's fees. We also find in favor of said defendant B. E. Witte against defendant T. B. Went personally in the sum above mentioned, and we find that said defendant B. E. Witte is entitled to a foreclosure for said amounts on that certain lot or parcel of land situated in San Antonio, Bexar county Tex., and more particularly described as lot No. 13, block 2, New City, block 2877 of Barbe subdivision."

Upon those verdicts judgment was rendered in favor of appellant as against all the defendants, except B. E. Witte, for the land sued for, and all costs of court, and in favor of B. E. Witte against Thomas B. Went for $1,433.73, the same being the principal of the two $500 notes and interest and attorney's fees, and the vendor's lien was foreclosed on the land as against appellant and all the other parties. It was provided that appellant would pay off the amount of the judgment, and that the amount so paid should be placed as a credit on his $2,350 note to Went. There were other provisions in the judgment not necessary to notice. Appellant made a motion to reform, by striking out of the judgment against him $130.24 attorney's fees and $24.72 interest on past-due interest, which was overruled by the court. The only question involved in this appeal is the action of the court in overruling the motion to reform the judgment as indicated.

It is provided in each of the notes that "all past-due interest on this note shall bear interest from maturity thereof until paid, at the rate of eight per centum per annum." It is further provided in each of the notes "that if this note is placed in the hands of an attorney for collection, or if collected by suit agree to pay ten per cent. additional on the principal and interest then owing thereon as attorney's fees." In his cross-action on the notes B. E. Witte alleged that he had obligated himself to pay his attorney 10 per cent. on the principal and interest of the notes, and prayed for judgment for such attorney's fees.

[1] The first assignment of error assails the judgment for attorney's fees, and, while followed by at least two propositions not germane to the subject-matter of the assignment, it will be considered as a proposition in itself. The assignment is not well taken. The authorities cited by appellant to sustain the assignment have been overruled by the Supreme Court, not only by refusing writs in Adams v. Bartell, 46 Tex. Civ. App. 349, 109 S. W. 779, and Davis v. Kuehn, 119 S. W. 118, decided by this court, but directly in Bank v. Robinson, 104 Tex. 166, 135 S. W. 372, and Lanier v. Jones, 104 Tex. 247, 136 S. W. 255. In the Robinson Case the court said: "Clearly it seems to us by the terms of the note that the provision for attorney's fees is treated, and by the parties considered, as in the nature of costs, and such promise to pay attorney's fees is fixed as a contract of indemnity. So considered, it contains an obligation to the maker of the note to pay the cost of collection, and at the same time fixes the amount thereof at 10 per cent. of such obligation. In such case, in the absence of plea and proof that such a per cent. is unreasonable and unconscionable, the court is authorized to act upon the amount of such fees as agreed upon by the parties, and enter judgment accordingly. * * * The record shows that suit had been instituted on the note, and the same contains a clear statement of the amount agreed by the parties to be paid, and no other or further proof was required." That language was approved in the cited case of Lanier v. Jones, and it was further held: "In this case the record showed that suit had been instituted on the note which is the foundation and basis of the judgment. It contained evidence of the sum agreed to be paid for and as attorney's fees. There was no evidence introduced or issue made that such sum was unreasonable. In this state of the record judgment was properly rendered for the attorney's fees named in the note sued on." In other words, that part

of the note as to attorney's fees, in the absence of attack, proves itself just as the other parts of the note do. No pleadings were filed attacking the reasonableness of the attorney's fees, and no evidence introduced in relation thereto.

[2] Witte was compelled to institute the cross-action to protect his interests, and the lien was properly foreclosed for the attorney's fees as well as other sums due on the notes. Neese v. Riley, 77 Tex. 348, 14 S. W. 65; Garrett v. Bank, 79 Tex. 133, 15 S. W. 224.

The judgment is affirmed.