WESTBROOK v. MISSOURI–TEXAS LAND & IRRIGATION CO. (No. 5784.) *

(Court of Civil Appeals of Texas. Austin. May 2, 1917. On Motion for Rehearing, June 6, 1917.)

1. STATUTES ☞158 — REPEAL — IMPLIED REPEAL.
    Repeal by implication is not favored in law.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228.]

2. WATERS AND WATER COURSES ☞216—IRRIGATION—RIGHT OF IRRIGATION COMPANIES—STATUTES—REPEAL—IMPLIED REPEAL.
    Acts 25th Leg. c. 48, forbidding the acquisition of lands by corporations whose main purpose is the acquisition of land, and Acts 24th Leg. c. 21, § 19 (Rev. St. 1895, art. 3131), as to incorporation of irrigation companies, permitting such companies to acquire land, are not ir-

reconcilable, and the act of 1897 does not impliedly repeal that of 1895.
    [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 305.]

3. STATUTES ☞162 — REPEAL — GENERAL LAWS.
    A general law will not be construed to repeal a special law on the same subject.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 235–237.]

4. WATERS AND WATER COURSES ☞232 — IRRIGATION COMPANY — ACQUISITION OF LANDS—PUBLIC POLICY.
    The public policy of the state being determined by the enactments of the Legislature, it cannot be said, in view of Acts 24th Leg. c. 21, § 19 (Rev. St. 1895, art. 3131), that it is against the public policy of the state for an irrigation company to acquire land.
    [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 321, 322.]

5. PLEADING ☞142—SET-OFF.
    In a vendor's action for the price, allegations that the vendor agreed to put this land in cultivation, and that it had failed to do so, and that the cost of putting such land in cultivation was a specific amount per acre, and the undisputed evidence showing that it would cost $15.50 to put said land in cultivation, was sufficient, in view of the prayer for general relief, to authorize the court to allow such expense as a set-off to the amount the vendor was entitled to recover.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 297, 300.]

6. VENDOR AND PURCHASER ☞316—RECOVERY—ATTORNEY'S FEES.
    If notes given as part of purchase price of land provide for payment of attorney's fee if suit is brought, it is not error to award attorney's fees in the vendor's action for the price.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 932, 933.]

On Motion for Rehearing.

7. CORPORATIONS ☞387(2)—ULTRA VIRES ACT—WHO MAY QUESTION.
    The question of whether or not a corporation has acted in excess of its granted powers in the face of an expressed or implied statutory prohibition cannot be raised in litigation between it and a private party, but only by the state in a direct proceeding either to forfeit the franchise of the corporation or to subject it to punishment for the unlawful act.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1549, 1550.]

8. CORPORATIONS ☞446—ULTRA VIRES ACT—WHO MAY QUESTION.
    Where a corporation is the vendor, the vendee cannot set up the vendor's want of capacity to take and hold land as a defense to an action to recover the purchase price of land sold to him.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1785.]

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the Missouri-Texas Land & Irrigation Company against Theodore Westbrook, wherein defendant filed a cross-bill. Judgment for plaintiff, and defendant appeals. Reformed and affirmed. On motion for rehearing. Motion overruled.

Gregg & Love, of Austin, for appellant. White, Cartledge & Wilcox, of Austin, for appellee.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

### Findings of Fact.

JENKINS, J. On January 20, 1911, the appellee was chartered, said charter reciting that the company was formed under article 3125, Revised Statutes 1895. This article is a part of the general irrigation law of 1895. At some time subsequent to the issuance of its charter, and prior to the trial of this cause (March 17, 1916), appellee purchased 60,000 acres of land, and subdivided the same into tracts of 40 acres and multiples thereof, and placed the same upon the market. On September 18, 1915, appellee sold appellant 160 acres of this land for a consideration of $2,000 cash, and the promissory notes herein sued on, secured by a vendor's lien on said land. At the time of such sale there was only 40 acres of said 160 acres in cultivation, but appellee agreed, as a part of the consideration, to put 60 additional acres in cultivation, and to cultivate 100 acres of said tract, and to deliver the same to appellant the next year. Appellee cleared and put in cultivation only 20 additional acres of said tract. The cost of clearing and putting in cultivation the additional 40 acres would have been $15.50 an acre, or a total of $620.

Appellant resisted payment of the note sued on, and by cross-bill asked to rescind the contract, and to recover the $2,000 cash paid, upon the ground that the act of appellee in attempting to acquire the said 60,000 acres of land was ultra vires. Judgment was rendered for appellee for the amount of said notes, less interest on the $2,000 for one year, which appellee had agreed to pay in consideration of retaining possession of the land sold, and also for 10 per cent. attorney's fees, and for foreclosure of the vendor's lien.

### Opinion.

The act of 1893, which is carried forward in Revised Statutes 1911 as articles 1177 and 1178, forbade the acquisition of land by corporations whose main purpose was to acquire land; and provided that lands theretofore acquired by such corporations should be alienated within 15 years from the passage of said act, except as to so much as was necessary for the use of the corporation in carrying out the purposes for which it was created. The act of 1895 (Acts 24th Leg. c. 21) § 19, carried forward in Revised Statutes of 1895 as article 3131, and which relates specifically to the incorporation of irrigation companies, permitted such companies to acquire land.

In 1897, General Laws, p. 48, there was passed an act to amend article 749c, c. 18, tit. 21. Article 749c was the act of 1893 above referred to. The act of 1897 forbade the acquisition of lands by corporations whose main purpose was the acquisition of land. Section 1 of the act of 1897 provides that all private corporations authorized by the laws of Texas, as provided in article 642, whose main purpose is the acquisition of land, shall alienate such as had theretofore been acquired, in 15 years from the passage of said act; and further provides that no private corporation shall be permitted to purchase any land "under the provisions of this and the preceding articles, unless * * * necessary" for its corporate purpose, or to secure debt; and further provided that same should not apply to lands located in towns, or within two miles thereof, whether incorporated or not.

Article 642, referred to in this act, is the general incorporation act which permits, among other things (section 23), the incorporation of irrigation companies. "The preceding articles" of this title relate to corporations generally.

[1] The issue herein presented is, Did the act of 1897 repeal the act of 1895, § 19 (article 3131, Revised Statutes 1895)? It will be seen from the foregoing statement that the act of 1893 related to corporations generally, as did also the act of 1897, and that the act of 1895 related specifically to irrigation companies, and undertook to regulate the whole matter of irrigation in this state. The act of 1897 made no specific reference to the act of 1895, and, if said act was repealed, the same was done by implication. Repeal by implication is not favored in law. Herndon v. Reed, 82 Tex. 651, 18 S. W. 665; Less v. Ghio, 92 Tex. 651, 51 S. W. 502; Hanrick v. Hanrick, 54 Tex. 107; Neil v. Keese, 5 Tex. 23, 51 Am. Dec. 746; Selman v. Wolfe, 27 Tex. 72; Napier v. Hodges, 31 Tex. 287; Kinney v. Zimpleman, 36 Tex. 554; 8 Cyc. 748, note 37, and authorities there cited; State v. Massey, 103 N. C. 356, 9 S. E. 632, 4 L. R. A. 309, note and authorities there cited.

In Adams Express Co. v. Lexington, 83 Ky. 657, the court said that, in order for one act to repeal another by implication, they must be absolutely irreconcilable, or there must be sufficient reason to conclude that the Legislature so intended.

[2] The acts of 1897 and 1895 are not irreconcilable. When read together as one act, they provide that corporations whose main purpose is the acquisition of land shall not be permitted to acquire land, but that this shall not include corporations organized for the purpose of irrigation.

[3] It is also a well-recognized principle that a general law will not be construed to repeal a special law on the same subject. Ellis v. Batts, 26 Tex. 703, Laredo v. Martin, 52 Tex. 561. The act of 1897 was a general law with reference to the acquisition of land by corporations, but the act of 1895 was a special law with reference to the acquisition of land by irrigation corporations.

[4] This case was tried before the court without a jury, and findings of fact and conclusions of law were filed by the court. The court found, among other things, that the

acquisition of the 60,000 acres of land was necessary for the corporate purposes' of appellee. Appellant, asserting that this finding is unsupported by the evidence, cites only the facts that the appellee purchased the 60,000 acres of land and subdivided the same, and placed it upon the market for sale, and prior to the trial hereof had not erected any irrigation works. These facts do not show as a matter of law that the finding of the court is unsupported by the evidence. But without reference to this finding of the court, which is sufficient to sustain the judgment of the court upon the issue of ultra vires, we think said judgment must be sustained upon the proposition that the statutes of this state authorized the appellee to purchase said land. Appellant contends that we ought not to so hold, for the reason that the acquisition of large bodies of land by corporations is contrary to the public policy of this state. The public policy of the state is to be ascertained from the enactments of its Legislature, and, as above stated, the Legislature of this state, in 1895, expressly authorized irrigation companies to acquire land without placing any limit on the amount so acquired. See article 3131, Revised Statutes of 1895. This article was reenacted by the Legislature of this state in 1913. General Laws, page 358.

[5] The trial court concluded as a matter of law that there was no pleading or evidence which would authorize the court to allow damage for failure to grub the 40 acres of land which appellee had agreed to clear and place in cultivation. Appellant alleged the contract with reference to the clearing and placing in cultivation 60 acres of the land purchased, and that appellee had cleared and placed in cultivation only 20 acres, and that the price of placing the additional 40 acres in cultivation was $20 per acre, and that the consideration had failed by reason of such failure on the part of appellee. It is true that this allegation is made in connection with appellant's cross-action asking a rescission of the contract, and appellee did not specifically pray for this amount of damage in the event the contract was not rescinded, but did pray for general and special relief. We think the allegations that appellee agreed to put this land in cultivation, and that it had failed to do so, and that the cost of putting such land in cultivation was a specific amount per acre, and the undisputed evidence showing that it would cost $15.50 to put said land in cultivation, was sufficient under the prayer for general relief for the court to allow this as a set-off to the amount that appellee was entitled to recover. The amount of judgment recovered by appellee was $7,586.46; as against this appellants should have been allowed a credit of $620.

[6] Appellant assigns error in the action of the court in allowing appellee to recover

attorney's fees. The notes sued upon provide that the appellant should pay 10 per cent. attorney's fees for collection, if the same were placed in the hands of attorneys for collection, or were collected by legal process. Appellee alleged that said notes had been placed in the hands of attorneys for collection, and that this suit was brought to collect the same, but did not allege that it had contracted to pay attorney's fees for collection. The court did not err in rendering judgment for attorney's fees. Childs v. Juenger, 162 S. W. 475.

The judgment of the trial court is here reformed so that the same shall be for $6,966.46 instead of $7,586.46, and as thus reformed the judgment of the trial court is affirmed.

Reformed and affirmed.

On Motion for Rehearing.

We were in error in our opinion herein in stating that "the court found, among other things, that the acquisition of the 60,000 acres of land was necessary for the corporate purposes of appellee." The finding of the court was to the contrary of this, and was as follows:

"There was no evidence that would warrant the court in finding that the 60,000-acre tract of land purchased by the plaintiff was necessary to be purchased by it to enable it to carry on the business for which it was incorporated, nor was there any evidence that would warrant the court in finding that the plaintiff purchased said land for the purpose of enabling it to carry on its business under its charter from the state."

Reference to our original opinion herein will show that we did not base the same upon the findings of the court in this regard, as erroneously stated in said opinion, but that our opinion was based entirely upon the proposition that appellee had authority under the statute to purchase the land referred to.

At appellant's request we make the following additional findings of act:

(1) The 60,000-acre tract of land referred to in the opinion was not purchased for the purpose of enabling the appellee to carry on the business for which it was chartered, but was purchased for the purpose of resale.

(2) The appellee up to the time of the trial hereof had not constructed, maintained, or operated any canals, ditches, flumes, laterals, reservoirs, dams, or lakes for the purpose of irrigation, but had dug two artesian wells, one of which was on the land sold to appellant.

(3) In addition to the plea of ultra vires, appellant alleged that appellee falsely and fraudulently represented to him that, if he purchased the land in controversy, appellee would grub and clear and put in a state of cultivation 60 acres of the same that was then in a raw state, and would cultivate during the year 1914 100 acres of land, and turn same over to appellant after the crops were

gathered in 1914, and that said representations were false and fraudulent, and made with no intention on the part of appellee to perform the same; that he was induced thereby to purchase said tract of land from appellee, and, in full reliance on said promises and agreements, appellant purchased said land on or about October 1, 1913, etc.; and further alleged failure of appellee to comply with its agreement to clear and cultivate said land.

The trial court found that the sale of the 160 acres of land to appellant was made in good faith. Such being the case, failure to comply with the contract to clear and grub the land did not furnish a ground for rescission of the contract, but only for damages for breach of the same, which were allowed in our judgment herein.

In our original opinion herein we affirmed the judgment of the trial court solely upon the ground that the act of 1897 in reference to the incorporation of irrigation companies did not repeal the act of 1895 with reference to the general incorporation law. Such being our view of the law, we did not deem it necessary to discuss any other issues raised by the assignments of error. However, we think the judgment of the trial court should be affirmed for another reason. The trial court filed the following among other conclusions of law:

[7] 1. "The question of whether or not a corporation has acted in excess of its granted powers, in the face of an expressed or implied statutory prohibition, is a question which cannot be raised in litigation between it and a private party, but can be raised only by the state in a direct proceeding either to forfeit the franchise of the corporation or to subject it to punishment for the unlawful act."

[8] 2. "Where a corporation is the vendor, the vendee cannot set up its want of capacity to take and hold land as a defense to an action to recover the purchase price of land sold to him."

These conclusions of law are supported by the decision in Scott v. Bank, 97 Tex. 57, 75 S. W. 7, 104 Am. St. Rep. 835, and authorities there cited, and many others.

It has frequently been held that equity will not aid a corporation in the unlawful acquisition of land, but no such issue is here presented. The fact that the corporation had acquired the 60,000 acres of land by purchasing the same and paying therefor and receiving deeds in the usual form is not called in question. The only aid which the appellee was seeking in this case at the hands of the court was to collect a promissory note which the appellee had signed, and, as appellee's title had not failed, he had no legal or equitable defense against said action. Appellee's motion for a rehearing is overruled.

Overruled.